IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN J. O'BRIEN, III,** | : | CIVIL ACTION |
| **KEVIN O'BRIEN,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 2:24-cv-02897 |
| **ORPHANS COURT OF MONTGOMERY COUNTY** | : | |
| | : | |
| Defendant. | : | |

**J. Perez**                                                                                                    **October 27, 2025**

## MEMORANDUM

Pro se Plaintiffs John J. O'Brien, III and Kevin O'Brien bring this action against the Orphans Court of Montgomery County ("Orphans Court"), alleging Orphans Court violated their due process rights based on how it has handled disputes over the administration of their mother's estate. Orphans Court is immune from suit because it is part of the Commonwealth of Pennsylvania's government. Thus, this Court does not have subject-matter jurisdiction. The Court, therefore, is bound to dismiss Plaintiffs' case.

### I.     Background[1]

Plaintiffs are two of Mary Louise O'Brien's sons. Compl. ¶ 5, ECF No. 1. They have another brother, Ferdinand O'Brien, who is married to Lynda O'Brien. *Id.* ¶ 4. Defendant Orphans Court is "a state related entity of the Commonwealth of Pennsylvania." *Id.* ¶ 2. It is a division of the Montgomery County Court of Common Pleas. 42 Pa. C.S. § 951(c).

---

[1] For purposes of this Motion, the Court accepts as true all factual allegations in the Complaint. *See Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

1

Plaintiffs allege that their mother, Mary Louise O'Brien, signed her last will and testament on July 15, 1977. Compl. ¶ 2. Then, in 2011, Ms. O'Brien destroyed the will because someone encouraged her to disinherit Plaintiffs. *Id.* ¶ 3. Despite this, Plaintiffs maintained a relationship with their mother—hosting her 90th birthday party that same month and living with and caring for their mother for several years in her home in Gladwyne (the "Gladwyne Home"). *Id.* ¶¶ 3, 18.

In 2015, Mary Louise O'Brien signed a second will (the "2015 Will"), prepared by Lynda O'Brien, which made Lynda O'Brien the executrix of the estate. *Id.* ¶ 9. Plaintiffs contend this will was invalid because they had Power of Attorney and were not consulted or told about the 2015 Will. *Id.* ¶ 9. After Mary Louise O'Brien died in 2023, Plaintiffs learned certain stocks were removed from her husband's estate, money had gone missing, and property was removed from the Gladwyne Home. *Id.* ¶¶ 10–11. They allege Ferdinand and Lynda O'Brien were involved in wrongfully removing the money and property. *See id.* ¶ 7.

In March 2023, Plaintiffs brought petitions in Orphans Court to strike the 2015 Will and remove Lynda O'Brien as the Executrix of Mary Louise O'Brien's estate. *Id.* ¶ 13. Orphans Court ordered the sale of the Gladwyne Home, and Plaintiffs petitioned the court for a stay of the sale. *See id.* ¶ 14. On August 28, 2023, without holding a hearing, Orphans Court denied the petition to stay the sale of the Gladwyne Home. *Id.*

Plaintiffs appealed the denial of the stay to the Pennsylvania Superior Court. *Id.* ¶ 15. Upon motion by Ferdinand and Lynda O'Brien, the Superior Court quashed the appeal. *See* Mot. Dismiss at Ex. C, ECF No. 6 at 84. Plaintiffs then petitioned the Pennsylvania Supreme Court for allowance of an appeal. Mot. Dismiss at Ex. D, ECF No. 6 at 90. Their petition was denied on July 8, 2024. *Id.* While the appeal was pending, however, Orphans Court continued to issue orders relating to the estate, despite Plaintiffs' request that the case be stayed pending appeal. Compl. ¶ 21.

On July 1, 2024, Plaintiffs brought this suit against Orphans Court under 42 U.S.C. § 1983, asserting Orphans Court violated the Due Process Clause of the United States Constitution by issuing orders without notice and a hearing. *Id.* ¶¶ 3, 23. Plaintiffs seek damages and "any appropriate injunctive or judicial relief and punitive damages." *Id.* at Wherefore Clause. On October 24, 2024, Orphans Court moved to dismiss the Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.

## II.     Legal Standard

The court must dismiss a case for which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A plaintiff may move to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) with either a facial or factual challenge. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a facial challenge like this one, the court is limited to the allegations of the complaint and documents referenced in or attached to the Complaint. *Id.* The Court must accept all factual allegations as true and consider them in the light most favorable to the plaintiff. *Id.*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain sufficient factual material that, when accepted as true and considered in the light most favorable to the plaintiff, states a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To plead a plausible claim, the plaintiff must provide enough facts to allow the court to infer the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.     Discussion

"Federal courts are courts of limited jurisdiction," which means they only have authority to address the merits of certain cases. *Temple Univ. Hosp., Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 2 F.4th 121, 130 (3d Cir. 2021). This is called subject-matter jurisdiction. *Id.* This

Court has the authority to hear cases that arise under the United States Constitution or under federal statutes. 28 U.S.C. § 1331. This includes cases alleging violations of due process and the Civil Rights Act of 1871, 42 U.S.C. § 1983. But when a plaintiff sues a state, the Eleventh Amendment prevents federal courts from hearing the case, even if the claims arise under federal law. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."). The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

This immunity applies unless the state has agreed to be sued or the United States Congress has passed a law that it expressly intended to abrogate, or override, the state's immunity. *Blanciak*, 77 F.3d at 694; *see also Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 238 (3d Cir. 2005) ("The Supreme Court has consistently held that the Eleventh Amendment immunizes an unconsenting state from suits brought in federal court . . . . Congress may abrogate the States' Eleventh Amendment immunity . . . provided it has unequivocally expressed its intent to do so."). The purpose of this immunity "is to accord the States the respect owed them as joint sovereigns." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002) (cleaned up). In other words, the Eleventh Amendment "protect[s] [states] against the indignity of any kind of suit whatsoever." *Hampe v. Butler*, 364 F.3d 90, 97 (3d Cir. 2004). This protection applies not only to cases where the state is named as a defendant but also to cases where a state agency, like a state court, is sued. *Benn*, 426 F.3d at 239–40; *see also Callahan v. City of Phila.*, 207 F.3d 668, 673 (3d Cir. 2000).

The Commonwealth of Pennsylvania has not waived its immunity for claims against it based on due process violations. *See Callahan*, 207 F.3d at 670 (noting "the Eleventh Amendment

4

would bar the court from exercising jurisdiction over [a § 1983] action" against the Commonwealth of Pennsylvania); 42 Pa. C.S. § 8521 ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). And Congress has not abrogated states' immunity for constitutional claims brought under §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989) ("We cannot conclude that §1983 was intended to disregard the well-established immunity of a State from being sued without its consent."). That means the Commonwealth of Pennsylvania cannot be sued under § 1983 for a violation of Plaintiffs' due process rights. This Court must go one step further, however, to determine whether Orphans Court is to be treated the same as the state for the purpose of Eleventh Amendment immunity.

      This Court concludes that Orphans Court also cannot be sued under § 1983 for a violation of Plaintiffs' due process rights because suing Orphans Court is the same as suing the state itself. "[T]o determine whether a suit against an entity," like Orphans Court, "is actually a suit against the state itself," the Third Circuit considers whether the state will ultimately be liable for the judgment, how state law treats the entity, and how much control the state has over the entity. *Benn*, 426 F.3d at 239. Applying that test in *Benn*, the Third Circuit agreed with the district court's dismissal of a discrimination claim against the First Judicial District of Pennsylvania. *Id.* at 241. The Court explained that Pennsylvania courts are treated as state entities by the Pennsylvania Supreme Court. *Id.* at 240 (citing *Cnty. of Allegheny v. Commonwealth*, 534 A.2d 760, 765 (Pa. 1987)). Furthermore, state courts are established by the state constitution and "are part of the unified judicial system subject to the control of the Supreme Court." *Id.* (quoting *Callahan*, 207 F.3d at 673). State courts "are not independent of the Commonwealth and hardly can be regarded as having significant autonomy from the Pennsylvania Supreme Court." *Id.* at 240 (quoting

*Callahan*, 207 F.3d at 673). The Third Circuit court found that in a lawsuit against Pennsylvania's state courts, "it is undeniable that Pennsylvania is the real party in interest . . . and would be subjected to both the indignity and an impermissible risk of legal liability if the suit were allowed to proceed." *Id.* at 241. Accordingly, the Third Circuit found that Pennsylvania's state courts are protected from suit by the Eleventh Amendment.

This principle applies equally to a lawsuit against Orphans Court. Orphans Court is a division of the Montgomery County Court of Common Pleas. 42 Pa. C.S. § 951(c). The Court of Common Pleas is a state entity. *See Callahan*, 207 F.3d at 672–73 ("All courts and agencies of the unified judicial system . . . are part of the 'Commonwealth government' and thus are state . . . agencies."). Therefore, Orphans Court is entitled to the same immunity as the Commonwealth of Pennsylvania, and this Court does not have the authority to hear Plaintiffs' claims.

Additionally, Pennsylvania courts cannot be sued under 42 U.S.C. § 1983 because they are not "persons" that can be held liable under the statute. *Callahan*, 207 F.3d at 673 (dismissing § 1983 claims against judicial defendants, including the Philadelphia Municipal Court, because they are not persons within meaning of § 1983). Section 1983 creates a private cause of action against any "person" who violates an individual's constitutional rights while acting under color of state law. 42 U.S.C. § 1983. So, a §1983 claim can only be brought against a "person" within the meaning of the statute. The Supreme Court has explicitly held that "a State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. Orphans Court is "part of 'Commonwealth government,'" so it is a state agency; it is also subject to the control of the Pennsylvania Supreme Court. *Callahan*, 207 F.3d at 672–73. It is, therefore, not a "person" within the meaning of §1983. *Id.* at 673. Accordingly, Plaintiffs cannot sue Orphans Court for a violation of due process under § 1983, and the Complaint must be dismissed.

## IV. Conclusion

Because Orphans Court is an arm of the Commonwealth of Pennsylvania, it is immune from suit under the Eleventh Amendment. Accordingly, this Court lacks subject-matter jurisdiction over Plaintiffs' claims. Additionally, Orphans Court is not a "person" within the meaning of Section 1983, and therefore that claim fails. Thus, the Complaint will be dismissed.

An appropriate Order follows.